1818.

*I* The Commonwealth *ex rel.* Truxtun *against* The County Commissioners.

*Philadelphia.*

Mandamus.

*Saturday, January* 3.

THIS was a rule to shew cause, why a *mandamus* should not issue, directed to the defendants, commanding them to draw an order on the county treasurer, in favour of the relator, the sheriff of the city and county of *Philadelphia*, for 505 dollars and 44 cents.

*Hallowell*, for the defendants.

*W. S. Biddle*, for the relator.

The opinion of the Court was delivered by

TILGHMAN C. J. The relator, sheriff of the county of *Philadelphia*, occupies an apartment, in which he keeps his office, in the fire proof buildings erected by the commissioners of the said county, by virtue of the act of 24th *March*, 1812. The commissioners have charged the sheriff with rent for this office, and the first question submitted to the Court, is, whether the charge be proper.

By the act 27th *March*, 1790, the commissioners of each county in the Commonwealth, were directed to erect suitable buildings of brick or stone, for the reception, and safe keeping of the records and other papers belonging to the offices of the prothonotary of the county Court of Common Pleas, the clerk of the county Court of Quarter Sessions, the clerk of the Orphans' Court, the recorder of deeds, and the register for the probate of wills, &c. in their respective counties. By the act of 24th *March*, 1812, the commissioners of the county of *Philadelphia*, were authorised to occupy the east and west wings of the state house, *for the accommodation of the public offices of the said city and county*, and they were moreover authorised to alter and improve the said wings, and convert the same into fire proof buildings, or, if found most

loss without the neglect of the sheriff, he is not

*Margin notes:*

Under the act of 24th March, 1812, the sheriff is entitled to a room for his office, in the fire proof buildings, erected by virtue of that act, free of rent.

The sheriff is entitled to a fee of $1 50 in a prosecution for an offence not capital, in which the grand jury have returned the bill ignoramus. He is not entitled to a fee of 12½ cts. for every criminal cause called in Court. Nor to any commission on the sum of four dollars, paid to him for the use of the county, in every verdict in a civil action. The sheriff is responsible to the county treasurer for the sum of four dollars on each verdict in a civil suit, if it is lost through his negligence; but in case of insolvency, or responsible.

1818.

The Commonwealth
ex. rel.
TRUXTUN
v.
County Commissioners.

convenient, to rebuild the same on a more extended plan. The limits to which the buildings might be extended, were then described, and it was provided that rooms should be appropriated for the offices of the prothonotary of the Supreme Court for the eastern district. In pursuance of this law, fire proof buildings were erected. By the act of 11th *March*, 1816, the state house, with the adjacent vacant square, was sold to the corporation of the city of *Philadelphia*, excepting from the said sale, " the two public offices, which by the act of 24th *March*, 1812, were put into the possession of the commissioners of Philadelphia county, which said offices, were released from the claim of the state, and given and granted in fee simple, and the offices and ground on which they stood, or on which they were allowed, by the said act, to stand, were granted and confirmed to the city and county of *Philadelphia* for ever." It is not under the act of 27th *March*, 1790, that the sheriff claims an office in these buildings ; for by that act no provision is made for the sheriff's office; but under the act of 24th *March*, 1812, as one of the *public officers* of the county of *Philadelphia*. The state made a donation to the county, of the ground on which the east and west wings of the state house stand, with the privilege of extending the buildings a certain distance beyond those wings, for the express purpose of providing accommodation for the *public offices* of the city and county.

It was not the object of this law, to enrich the county, by giving them ground for buildings *to let out or rent*, although, if there are more rooms than the public offices require, there can be no objection to their renting those which are vacant. But the public officers are to be first accommodated, and I have no doubt that the sheriff is a public officer, within the meaning of the law. I can hardly suppose indeed that a doubt would ever have existed, had it not been, that no provision is made for the sheriff's office, by the act of *March*, 1790. But that act did not profess to provide for the *public offices in general*, but only for *certain enumerated offices*. On the contrary, the act of *March*, 1812, speaks *generally* of the *public offices*, of the city and county ; meaning, as I apprehend, all those in which the public records, are kept or are connected with the Courts of Justice. I am therefore of opinion, that the sheriff should not be charged with rent.

Several questions, with respect to the sheriff's fees, under the act *March*, 1814, are also to be decided.

1. Is the sheriff entitled to a fee of $1 50, in a prosecution for an offence not capital; in which the grand jury have returned the bill of indictment ignoramus? The act allows the sheriff $3 50, in every capital cause, and *in every other criminal cause*, $1 50. A bill of indictment having been drawn and exhibited to the grand jury, there is, without doubt, a criminal cause depending, and the not finding of a bill does not make it less a criminal cause than it was before. The fee therefore is due to the sheriff.

2. Is the sheriff entitled to a fee of 12½ cents, for every criminal cause, called in Court? I think he is not. The expressions of the law are, *for each action called in court*. This is to be understood of *civil actions* only. *Criminal actions* are provided for in the fee of $1 50 before mentioned.

3. Is the sheriff entitled to a charge of 2½ per cent. commissions on the sum of four dollars paid to him, on every verdict in Court in a civil action, by the party in whose favour the verdict is, and to be by him paid over to the county treasurer? He is not entitled to any thing by way of commission, because the law does not allow it to him, and the Court can add nothing to the law.

4. Is the sheriff responsible to the county treasurer, for the sum of four dollars on each verdict, as before stated, though the money has not been paid to him? The act of 29th *March*, 1805, sect. 13. directs, that whenever any verdict is given, the party in whose favour it is given, *shall forthwith pay to the sheriff, the sum of four dollars.* The law supposes that the sheriff, either in person, or by deputy, is always attending the court, as it is his duty to do; and it is made his duty to receive this sum of four dollars. If it is lost, through his negligence, he is responsible; but in case of insolvency, or loss without the neglect of the sheriff, he is not responsible. The Court, in order to facilitate the collection of this money, has made an order that no judgment shall be entered on the verdict, till the four dollars are paid.